UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL THOUGHTS, INC.,<br><br>                               Plaintiff,<br><br>v.<br><br>PERFORMANCE TOUCH, LLC; THE HYGENIC CORPORATION; PERFORMANCE HEALTH HOLDINGS CORPORATION; and DOES 2-10,<br><br>                              Defendants. | Case No.: 17cv2148-BEN-LL<br><br>**ORDER DENYING MOTION TO COMPEL CONTINUED DEPOSITIONS WITHOUT PREJUDICE**<br><br>**[ECF No. 65]** |

On April 19, 2019, Plaintiff Natural Thoughts, Inc. filed a "Motion to Compel Continued Depositions" [ECF No. 65 ("Mot.")]. Plaintiff seeks to re-open and continue the March 14 and March 15, 2019 depositions of Defendants' former employees and third party witnesses, Amy Moneypenny and Timothy Dunphy. See Mot. Specifically, Plaintiff requests that the Court issue an Order requiring that the depositions of Ms. Moneypenney and Mr. Dunphy be "completed." Id. at 2.

Rule 45(d)(2)(B)(i) requires motions to compel compliance with Rule 45 subpoenas be brought in the court where compliance is required. Here, Ms. Moneypenny was subpoenaed on February 27, 2019. Mot., Ex. 3. Mr. Dunphy was subpoenaed on December 21, 2018. Id., Ex. 1. Both subpoenas identify the location of compliance to be Cleveland,

1

Ohio located in the Northern District of Ohio. Id., Exs. 1 and 2. Under Rule 45(d)(3), "the proper motion in objecting to a non-party deposition is a motion to quash, filed by the non-party, in '"the court for the district where compliance is required[.]"' See Int'l Game Tech. v. Ill. Nat'l Ins. Co., 2017 U.S. Dist. LEXIS 189753, at *21 (D. Nev. Nov. 16, 2017) (quoting Fed. R. Civ. P. 45(d)(3)). The court where compliance is required may then transfer a motion to quash to the issuing court if the person(s) subject to the subpoena consent or if the court finds exceptional circumstances. Fed. R. Civ. P. 45(f).

Here, it is not immediately clear how the Court has jurisdiction to compel Ms. Moneypenney and Mr. Dunphy's attendance at a second deposition in Ohio. Separately, Defendant has not stated why it has standing to object to Ms. Moneypenny and Mr. Dunphy's continued depositions—given that both these witnesses are non-parties. There is no indication Ms. Moneypenny and Mr. Dunphy have consented to the Court's jurisdiction. There is also no indication a judge in the Northern District of Ohio would transfer this dispute to this Court under Rule 45(f). When considering transfer, a court's "prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." Fed. R. Civ. P. 45 (Advisory Committee Notes – 2013 Amendment).

For the above reasons, Plaintiff's Motion to Compel is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: May 8, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge