UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL THOUGHTS, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>PERFORMANCE TOUCH, LLC; THE HYGENIC CORPORATION; PERFORMANCE HEALTH HOLDINGS CORPORATION; and DOES 2-10,<br><br>                    Defendants. | Case No.: 17cv2148-BEN-LL<br><br>**ORDER DENYING: (1) JOINT MOTION TO CONTINUE BRIEFING SCHEDULE; AND (2) JOINT MOTION TO MODIFY SCHEDULING ORDER WITHOUT PREJUDICE**<br><br>**[ECF Nos. 86, 87]** |

    Currently before the Court are the Parties': (1) "Joint Motion to Continue Briefing Schedule and Hearing Date on Pending Motions" [ECF No. 86]; and (2) "Joint Motion to Modify Scheduling Order and Continue Deadlines for 60 Days To Allow Parties to Participate in Private Mediation" [ECF No. 87].

    In the Parties' Joint Motion to Continue Briefing Schedule, the Parties request a two-week extension of the deadlines to complete any remaining briefing on: (1) Defendants' Motion for Summary Judgment [ECF No. 61]; (2) Defendants' Motion to Exclude Expert Testimony [ECF No. 70]; and (3) Plaintiff's Ex Parte Application [ECF No. 79]. In support, the Parties state the extension is warranted so that the Parties can avoid incurring "additional litigation expenses" while the Court rules on the Parties'

"Joint Motion to Modify Scheduling Order." Id. at 2.

However, after reviewing the Parties concurrently filed "Joint Motion to Modify Scheduling Order," the Court finds it is not clear what relief the Parties are actually seeking in this second motion. Although the Parties characterize the motion as a request to "modify" the scheduling order, they also state they are effectively seeking a "stay" of the entire case. See ECF Nos. 86 at 2; 87 at 3.[1] The Parties have therefore not made clear whether they are requesting: (1) that the entire case be stayed; (2) that the dates and deadlines set forth in the Court's Scheduling Order be modified (without a stay); or (3) that the entire case be stayed for a certain period of time and that the deadlines set forth in the Court's Scheduling Order be modified accordingly.

For the above reasons, the Parties' Motions are **DENIED WITHOUT PREJUDICE.** If the Parties re-file their Motions, they are directed to clearly set forth the relief they are seeking.

**IT IS SO ORDERED.**

Dated: May 13, 2019

Honorable Linda Lopez
United States Magistrate Judge

---

[1] For example, the Parties state that should the Court grant their Joint Motion to Modify the Scheduling Order, than all of the briefing dates and hearing dates for any pending motions and the Parties' agreements regarding various discovery deadlines would somehow automatically be continued by sixty days. ECF No. 86 at 4. This is more consistent with a stay of the entire case than an extension of the Court's deadlines.