UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL THOUGHTS, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PERFORMANCE TOUCH, LLC; THE HYGENIC CORPORATION; PERFORMANCE HEALTH HOLDINGS CORPORATION; and DOES 2-10,<br><br>　　　　　　　　　　Defendants. | Case No.: 17cv2148-BEN-LL<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTIONS TO SEAL**<br><br>**[ECF Nos. 66, 72, 77]** |

Currently before the Court are the Parties' Motions to Seal filed in conjunction with the Parties' briefing on Plaintiff's Motion to Compel. See ECF Nos. 62, 72, 77. "Courts have long recognized 'a general right to inspect and copy public records and documents, including judicial records and documents.'" Rieckborn v. Velti PLC, 2014 U.S. Dist. LEXIS 142074, at *5 (N.D. Cal. Oct. 3, 2014) (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978)). However, "[t]his right is not absolute." Id.

Documents related to non-dispositive motions, like the one at issue here, may be filed under seal if the party filing the documents shows "good cause by making a 'particularized showing' that 'specific prejudice or harm will result' should the information be disclosed." Digital Reg of Texas, LLC v. Adobe Systems, Inc., 2015 U.S. Dist. LEXIS

1

16928, at * 4 (N.D. Cal. Feb. 11, 2015) (quoting Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1179-80 (9th Cir. 2006)).

Here, none of the Parties' motions meet the relevant standard for filing documents under seal. Plaintiff states only that the documents should be filed under seal because they contain information Defendant has designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" under the Protective Order. ECF Nos. 66 at 3; 77 at 3. This is insufficient. See Guzik Technical Enterprises, Inc. v. Western Digital Corp., 2013 U.S. Dist. LEXIS 175334, at *7 (N.D. Cal. Dec. 13, 2013) ("A blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed."). Similarly, Defendant's asserts in a conclusory fashion that the information is "commercially sensitive." ECF No. 72 at 3. This is also inadequate. See Jones v. Travelers Casualty Ins. Co. of Am., 2015 U.S. Dist. LEXIS 14698, at *2 (N.D. Cal. Feb. 5, 2015) ("'Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning' will not suffice.") (quotations omitted).

Accordingly, the Parties' motions are **DENIED WITHOUT PREJUDICE**. Within fourteen days of this order, the Parties shall either: (1) file the sealed exhibits publicly; or (2) file renewed motions to seal. Should either Party choose to file a renewed motion to seal, it must make a particularized showing of the specific prejudice or harm that will result from the information disclosed in each document.

**IT IS SO ORDERED.**

Dated: May 17, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge